# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Case No. 05-cv-00207-REB-BNB

CONSUMER CRUSADE, INC., a Colorado corporation,

    Plaintiff,

v.

VACATION CENTERS, INC., d/b/a VACATION CENTERS RESERVATIONS, a California corporation, and
NAN J. HARRIS, its Officer(s) and Director(s),

    Defendants.

## ORDER GRANTING MOTION TO STAY

**Blackburn, J.**

The matter before me is Defendant Nan J. Harris' Motion to Stay and Certificate of Compliance with D.C.Colo.LCivR 7.1A [#33], filed October 21, 2005. I grant the motion.

This case arises under the Telephone Consumer Privacy Act, 47 U.S.C. § 227 ("TPCA"), which makes it "unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," *id.*, § 227(b)(1)(C). Plaintiff is the assignee of various individuals and entities that received such unsolicited fax transmissions. Defendant Nan J. Harris filed a motion to dismiss plaintiff's claims on two bases: (1) that plaintiff lacked standing to assert claims under the TPCA because such claims are not assignable; and (2) that the court lacks subject matter jurisdiction

over plaintiff's claims because the TPCA provides that private rights of action to enforce the statute may be brought only in state court.  (*See* Defendant Nan J. Harris' Combined Motions to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted and Supporting Brief [#23], filed September 19, 2005.)

Defendant's motion to dismiss relies primarily on two recent decisions of district courts in this district.  In *US Fax Law Center, Inc. v. IHire, Inc.*, 362 F.Supp.2d 1248 (D. Colo. 2005), Chief Judge Babcock concluded that TPCA claims are unassignable under Colorado law, and therefore that the plaintiff assignee lacked standing to prosecute the suit.  *Id*. at 1253.  Several months later, Judge Figa found that the TPCA evidences a congressional intent that jurisdiction over private claims thereunder should reside exclusively in state court.  (*See* Order of Remand at 7-12 [#17], filed July 28, 2005, in *Consumer Crusade, Inc. v. Scientific Research Group, Inc.*, Civil Case No. 05-cv-00220-PSF-CBS.)  Both these cases, which present issues of first impression in this circuit, are now before the Tenth Circuit on appeal.

Given these circumstances, I agree with defendant that it would be most prudent to await decisions in one or both of these cases before requiring the parties to proceed with the expense and inconvenience of litigation.  In response to plaintiff's claims of unfairness, I would note that were these cases not currently awaiting resolution by a more definitive authority, I generally would find Chief Judge Babcock's and Judge Figa's reasoning on their respective issues extremely persuasive.  Giving plaintiff the benefit of the doubt that the Tenth Circuit may find otherwise, I believe the best course

of action will be to stay this lawsuit until such time as those matters are definitively resolved.

**THEREFORE, IT IS ORDERED** as follows:

(1) That Defendant Nan J. Harris' Motion to Stay and Certificate of Compliance with D.C.Colo.LCivR 7.1A [#33], filed October 21, 2005, is **GRANTED**;

(2) That this action is hereby **STAYED** in all respects pending further order of this court;

(3) That Defendant Nan J. Harris' Combined Motions to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief Can Be Granted and Supporting Brief [#23], filed September 19, 2005, is **DENIED WITHOUT PREJUDICE**; and

(4) That the parties **SHALL FILE** a written status report promptly after the Tenth Circuit issues rulings in one or both of the above-cited appeals.

Dated December 14, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge